# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MIKHA EL, by and through its authorized representative Anthony Michael Steele-El, | )<br>)<br>)<br>) |
| Plaintiff, | ) Case No. CIV-23-1156-D |
| v. | )<br>) |
| KYLYNN COLEMAN, *et al.*, | )<br>) |
| Defendants. | ) |

## **ORDER**

Upon examination of the Complaint, the Court finds that Plaintiff fails to establish a basis for subject matter jurisdiction.[1] The Court further finds that Plaintiff, who purports to act through an individual representative, cannot bring this action without counsel.

Federal courts have limited subject matter jurisdiction, and a basis of federal jurisdiction must be affirmatively pleaded. *See* Fed. R. Civ. P. 8(a)(1). The Complaint states that federal question jurisdiction exists under 28 U.S.C. § 1331 and the case arises under two federal laws. *See* Compl. at 3. The cited statute, 41 U.S.C. § 6503, governs certain contracts made by agencies of the federal government, and the cited regulation, 29 C.F.R. § 453.12, governs bonding requirements of the Labor Management Reporting and Disclosure Act, 29 U.S.C. § 502. Neither law has any conceivable relation to the factual

---

[1] Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *accord 1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (holding that "a court may *sua sponte* raise the question of whether there is subject matter jurisdiction"); *see also Gad v. Kan. State Univ.*, 585 F.3d 1032, 1035 (10th Cir. 2015).

allegations on which Plaintiff bases its claim that Defendants—an individual and two limited liability companies—have breached a contract for Plaintiff's investment in a cannabis operation licensed by the Oklahoma Medical Marijuana Authority.

Further, although the Complaint does not identify or describe the nature of the organization or entity bringing this action, it appears that Mikha El is an entity purporting to sue through an individual representative, Anthony Michael Steele-El. A legal entity cannot bring suit in federal court without an attorney. *See Tal v. Hogan*, 453 F.3d 1244, 1254 (10th Cir. 2006) ("It has been our long-standing rule that a corporation must be represented by an attorney to appear in federal court."); *see also* LCvR17.1 ("Parties who are not natural persons may not appear *pro se*."). The Complaint is defective because it is signed by Anthony Michael Steele-El without an attorney; this defect could only be cured by engaging legal counsel to represent Plaintiff.

Because Plaintiff's asserted basis for federal jurisdiction is insufficient, no other grounds for an exercise of jurisdiction are shown, and the action was filed by Plaintiff without counsel, the Court finds that the action must be dismissed for lack of jurisdiction and an insufficient pleading.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE** to a future filing through counsel in an appropriate forum. A separate judgment of dismissal shall be entered.

3

**IT IS SO ORDERED** this 22nd day of December, 2023.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge